# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

CAISMIRA CROWE, Individually and on behalf of all others similarly situated, as Class/Collective representatives,

Plaintiff(s),

Index No.

-against-

AVENUE STORES, LLC,

Defendant(s).

Summons

Date Index No. Purchased:

To the above named Defendant(s)

Avenue Stores, LLC
365 W Passaic Street, Suite 230
Rochelle Park, NJ 07662

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is  Residence of Plaintiff
which is  Niagara County, New York

Dated: New York, New York

March 2, 2018

SHAVITZ LAW GROUP, P.A.

by _____
Michael Palitz

Attorneys for Plaintiff

Caismira Crowe
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831

SUPREME COURT OF THE STATE OF NEW YORK
NIAGARA COUNTY
------------------------------------------------------------X
CAISMIRA CROWE, Individually and on           :     Case No.
behalf of all others similarly situated, as         :
Class/Collective representatives,                   :
                                                    :     **COLLECTIVE AND CLASS**
         Plaintiff,                                 :     **ACTION COMPLAINT**
                                                    :     **AND JURY DEMAND**
         v.                                         :
                                                    :
AVENUE STORES, LLC,                                 :
                                                    :
         Defendant.                                 :
------------------------------------------------------------X

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff CAISMIRA CROWE, by her attorneys Shavitz Law Group, P.A., alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff during the time she worked as an exempt-classified Store Manager ("SM") for Defendant AVENUE STORES, LLC ("AVENUE STORES") in New York state.

2. AVENUE STORES is a retail company operating approximately 300 retail stores in the United States and throughout New York state.

3. According to its website, AVENUE STORES "has been a leader in the fashion industry for plus size clothing. From its inception as Sizes Unlimited in 1983, [AVENUE STORES] has maintained a commitment to its customers to offer quality plus sized clothing in sizes 14-32."[1]

---

[1] https://www.avenue.com/en_US/about-us/about-us.html

4. In order to minimize labor costs, AVENUE STORES staffs its stores leanly and strictly manages hours worked by non-exempt, hourly workers to avoid paying them overtime. To compensate for this deliberate understaffing, AVENUE STORES relies heavily on its salaried SMs to staff the stores when there are not enough hourly employees to properly do so. Because of AVENUE STORES' retail hours and lean staffing model, SMs regularly work in excess of forty (40) hours per workweek and frequently work ten or more hours a day.

5. Although labeled as a "manager," Plaintiff was not primarily responsible for true management functions. To the contrary, Plaintiff spent the vast majority of time performing the same duties as non-exempt, hourly employees in the retail store such as folding and steaming clothes, customer service, setting up displays, working on the cash register, unloading products, cleaning, and merchandising.

6. The primary duties of SMs do not fall within any of the exemptions under federal or state overtime laws.

7. The primary duties of the SM position do not vary across AVENUE STORES' stores.

8. Throughout the relevant period, AVENUE STORES' policy across its stores has been to uniformly classify SMs as exempt from federal and state overtime provisions and not pay SMs any overtime wages.

9. AVENUE STORES, LLC did not pay Plaintiff overtime wages for any hours worked in excess of 40 in a workweek while she was employed by Defendant as an exempt-classified SM.

10. AVENUE STORES, LLC's failure to pay overtime wages to Plaintiff, the FLSA Collective members (defined below), and New York Class Members (defined below) violated

the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law, Article 19, §§ 650, et seq. ("NYLL") and supporting regulations.

11. By the conduct described herein, Defendant has willfully violated the FLSA by failing to pay Plaintiff and the FLSA Collective members the overtime wages Plaintiff and the FLSA Collective members have earned and to which Plaintiff and the FLSA Collective members are entitled by law.

12. Plaintiff Crowe brings this action on behalf of himself and similarly situated current and former employees of Defendant pursuant to 29 U.S.C. § 216(b) to remedy violations of the FLSA and supporting regulations.

13. Plaintiff Crowe also brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked in New York pursuant to C.P.L.R. § 901 to remedy violations of the NYLL and supporting regulations.

## THE PARTIES

### *Plaintiff Caismira Crowe*

14. Plaintiff Caismira Crowe ("Crowe") is an adult individual who is a resident of Niagara Falls, New York.

15. Crowe was employed by Defendant from approximately January 2016 to December 2016 at an Avenue Stores location in Niagara Falls, New York.[2]

16. Pursuant to Defendant's policy, pattern, and/or practice, Defendant paid Crowe an annual salary for 40 hours of work, but Crowe was not compensated for overtime hours worked. Crowe typically worked about 45 hours per week as an exempt-classified SM, but received no

---

[2] Plaintiff and Defendant entered into a Tolling Agreement on March 17, 2017, tolling the FLSA and state wage and hour law claims as of October 24, 2016. The Tolling Agreement remained in effect until February 21, 2018.

- 3 -

compensation for any time worked in excess of 40 hours in any workweek as an exempt-classified SM.

17. At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

18. A written consent form for Plaintiff is attached hereto as Exhibit A.

### *Defendant*

19. AVENUE STORES, LLC is a Delaware corporation with a principal place of business in Rochelle Park, New Jersey, which operates retail stores throughout the United States.

20. At all relevant times, Defendant was or is an "employer" within the meaning of the FLSA and NYLL.

21. Throughout the relevant period, Defendant employed and/or jointly employed Plaintiff within the meaning of the FLSA and NYLL. Defendant had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

22. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff, including timekeeping, payroll, and other employment practices that applied to Plaintiff.

23. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

### **JURISDICTION**

24. This Court has jurisdiction over this matter pursuant to NYLL § 663 and 29 U.S.C § 216(b).

25. Venue is proper in this county, pursuant to N.Y. C.P.L.R. § 503 because Plaintiff was employed by Defendant in a store located in Niagara Falls, New York (Niagara County)

during the time in which a substantial part of the events or omissions giving rise to this claim occurred.

## COMMON FACTUAL ALLEGATIONS

26. Throughout their employment with Defendant, Plaintiff and other SMs regularly worked in excess of 40 hours per week.

27. Defendant was aware that Plaintiff and other SMs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

28. The primary duties of Plaintiff and other SMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime such as folding and steaming clothes, operating the cash register, setting up displays, unloading products, performing customer service, and cleaning the store.

29. Plaintiff and other SMs were closely supervised by their Distract Managers, and through common corporate policies and procedures that defined and circumscribed their work. District Managers were responsible for the overall performance of the stores, and for evaluating and disciplining store employees. Plaintiff and other SMs were not responsible for the overall performance of the stores, or for evaluating or disciplining store employees.

30. Plaintiff and other SMs did not have authority to hire full-time employees or fire employees.

31. All of the work that Plaintiff and other SMs performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and other SMs performed.

32. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and NYLL.

33. Defendant was aware, or should have been aware, that the FLSA and NYLL required it to pay Plaintiff and other SMs overtime compensation for hours worked in excess of 40 per week.

34. Defendant was aware, or should have been aware, that Plaintiff's and other SMs' primary duties were folding and steaming clothes, operating the cash register, setting up displays, unloading products, performing customer service, and cleaning the store, and that these duties do not fall within any overtime exemption under the FLSA or NYLL.

35. Defendant's failure to pay Plaintiff and other SMs overtime was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

36. Plaintiff Crowe brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as exempt-classified SMs in the United States, on or after November 1, 2013, who elect to opt-in to this action (the "FLSA Collective").

37. All of the work that Plaintiff Crowe and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff Crowe and the FLSA Collective have performed.

38. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff Crowe and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    A. willfully failing to pay Plaintiff Crowe and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek; and

    B. willfully misclassifying Plaintiff Crowe and the members of the FLSA Collective as exempt from the protections of the FLSA.

39. Defendant is aware or should have been aware that the FLSA required it to pay employees performing non-exempt duties, including Plaintiff Crowe and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

40. Plaintiff Crowe and the FLSA Collective all perform or performed the same or similar primary duties.

41. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings the Second and Third Causes of Action, the NYLL claims, pursuant to Article 9 of the New York Civil Practice Law and Rules on behalf of himself and all exempt-classified SMs who have worked at any store location in New York State between November XX, 2010 and the date of final judgment in this matter (the "New York Class Period") (the "New York Class").

43. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns and successors, or any individual who has, or who at any time during the New York Class Period has had, a controlling interest in AVENUE STORES; the Judges to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

44. The members of the New York Class are so numerous that joinder of all members is impracticable.

45. Upon information and belief, the size of the New York Class is at least 75 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of AVENUE STORES.

46. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. whether AVENUE STORES violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    b. whether AVENUE STORES failed to compensate Plaintiff and the New York Class for hours worked in excess of 40 hours per workweek;

    c. whether AVENUE STORES misclassified Plaintiff and members of the New York Class;

    d. whether AVENUE STORES' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    e. the nature and extent of class-wide injury and the measure of damages for those injuries; and

    g. whether AVENUE STORES' failed to comply with the notice and recordkeeping requirements of the NYLL.

47. The claims of the Plaintiff are typical of the claims of the New York Class she seeks to represent. The Plaintiff and all members of the New York Class have worked for AVENUE STORES as SMs in New York State. The Plaintiff and members of the New York Class enjoy the same statutory rights under the NYLL to be paid overtime wages. The Plaintiff and members of the New York Class have all sustained similar types of damages as a result of AVENUE STORES's failure to comply with the NYLL. The Plaintiff and the members of the

New York Class have all been injured in that they have been uncompensated or under-compensated due to AVENUE STORES' common policies, practices and patterns of conduct.

48. The Plaintiff will fairly and adequately represent and protect the interests of the members of the New York Class. The Plaintiff understands that as the class representative, she assumes fiduciary responsibilities to the class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, she must represent and consider the interests of the class just as they would represent and consider their own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the interests of the class. The Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. The Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. The Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the New York Class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the New York Class have been damaged and are entitled to recovery as a result of AVENUE STORES' violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiff lacks the financial resources to conduct a thorough examination of AVENUE STORES' timekeeping and compensation practices and to prosecute vigorously a lawsuit against AVENUE STORES to recover such damages. In addition, class litigation is superior because it

will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about AVENUE STORES' practices.

50. This action is properly maintainable as a class action under Article 9 of the New York Civil Practice Law and Rules.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective and Class Action Complaint.

53. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

54. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

55. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

56. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

57. At all relevant times, Plaintiff and all members of the FLSA Collective are or have been employees within the meaning of the FLSA.

58. Defendant failed to pay Plaintiff and all members of the FLSA Collective the overtime wages to which they were entitled under the FLSA.

59. Defendant's violations of the FLSA, as described in this Collective and Class Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and all members of the FLSA Collective.

60. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

61. As a result of Defendant's willful violations of the FLSA, Plaintiff and all members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

62. As a result of the unlawful acts of Defendant, Plaintiff and all members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at hearing, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of the Plaintiff and the New York Class)**

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant, Plaintiff and members of the New York Class are or have been employees and Defendant has been their employer within the meaning of the NYLL.

65. Plaintiff and the New York Class members are covered by the NYLL.

66. Defendant failed to pay Plaintiff and the members of the New York Class wages to which they were entitled under the NYLL. Defendant failed to pay Plaintiff and the members

- 11 -

of the New York Class for overtime hours worked at a wage rate of one and one-half times the regular rates of pay.

67. Due to Defendant's intentional and willful violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

### THIRD CAUSE OF ACTION
**New York Labor Law – Notice and Record Keeping Violations**
**(Brought on behalf of Plaintiff and the New York Class)**

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

70. NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

71. 12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

72. NYLL § 195(1) requires that every employer furnish each employee with a notice containing required information.

73. NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

74. 12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

75. Defendant failed to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), resulting in penalties under NYLL § 198(1)(b) and 198(1)(d) for Plaintiff and the New York Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and statutory and other penalties as permitted by law pursuant to the New York state law claims;

D. Certification of this case as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules;

- 13 -

E. Designation of the named Plaintiff as Class Representative of the New York Class and counsel of record as Class Counsel;

F. Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

I. Attorneys' fees and costs of the action;

J. A reasonable incentive award for the Plaintiff to compensate him for the time and effort she has spent protecting the interests of other SMs, and the risks she has undertaken; and

K. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York  
       March 2, 2018

Respectfully submitted,

       s/Michael Palitz  
Michael J. Palitz  
SHAVITZ LAW GROUP, P.A.  
830 3rd Avenue, 5th Floor  
New York, New York 10022  
Tel: (800) 616-4000  
Fax: (561) 447-8831

*Attorneys for Plaintiff, the Putative FLSA Collective, and the Putative New York Class*

# EXHIBIT A

FILED: NIAGARA COUNTY CLERK 03/02/2018 INDEX NO. E164115/2018
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 03/02/2018

Case 1:18-cv-00465-LJV   Document 1-1   Filed 04/18/18   Page 18 of 18
DocuSign Envelope ID: 76A728FA-080D-46C0-B78D-CCE5718A1B77

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Avenue Stores, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

_____
Signature

Caismira Crowe
_____
Print Name